NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
(212) 220-3830
(File No.: 28000130 JFS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STARR INDEMNITY & LIABILITY CO. a/s/o
B&D POWER TOOLS,

       Plaintiff,       16-CV-1558

 -against-             **VERIFIED**
                      <u>**COMPLAINT**</u>
BLUE ANCHOR AMERICA LINE,

       Defendant.
-----------------------------------------------------------------x

    Plaintiff, by its attorneys, NICOLETTI HORNIG & SWEENEY alleges upon information and belief, as follows:

    <u>**FIRST**</u>:  All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    <u>**SECOND**</u>:  At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

    <u>**THIRD**</u>:  At and during all the times hereinafter mentioned, Defendant had and now has the legal status and office and place of business stated in Schedule "A", and was and now is engaged in business as a common carrier of merchandise by water for hire, and

owned, operated, managed, chartered and/or otherwise controlled the M.V. DOLPHIN II named as common carriers of merchandise by water for hire.

**FOURTH**: At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH**: On or about the date and the port of shipment stated in Schedule "A", there was shipped by the shipper therein named and delivered to Defendant and the said vessel, as common carriers, the shipment described in Schedule "A" then being in good order and condition, and Defendant and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH**: Thereafter, the said vessel arrived at the port of destination, where it and Defendant failed to make delivery of the shipment, all in violation of Defendant's and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH**: Plaintiff was the consignee and owner of the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $224,151.17.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if Defendant cannot be found within this District, then all its property within this District as shall be described in Schedule "A", be attached in the sum of $224,151.17, with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action; and

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       February 29, 2016

                        NICOLETTI HORNIG & SWEENEY
                        Attorneys for Plaintiff

              By:   /s/ James F. Sweeney
                     Wall Street Plaza
                     88 Pine Street, 7th Floor
                     New York, New York 10005
                     (212) 220-3830
                     (File No.: 28000130 JFS)

# SCHEDULE A

**Plaintiff's Legal Status and
Office and Place of Business:**

        Plaintiff, STARR INDEMNITY & LIABILITY CO. a/s/o B&D POWER TOOLS, was and now is a corporation organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 399 Park Avenue, New York, New York 10022.

**Defendant's Legal Status and
Office and Place of Business:**

        Defendant, BLUE ANCHOR AMERICA LINE, was and now is a corporation or other business entity organized and existing under and by virtue of the laws of the United States, with an office and place of business located at c/o Kuehne & Nagel, One Exchange Place, Jersey City, New Jersey 07302.

| | |
|---|---|
| Date of Shipment: | January 14, 2016 |
| Port of Shipment: | Shanghai |
| Port of Destination: | Savannah |
| Shippers: | Black & Decker (Suzhou) Precision Manufacturing Co. Ltd. |
| Consignee: | B&D Power Tools |
| Shipment: | Blowers/Trimmers; Trimmers/Strimmers/Shears |
| Nature: | Loss and Non-Delivery |
| Amount: | $224,151.17 |
| NH&S File: | 28000130 |

# VERIFICATION

STATE OF NEW YORK  )
                   : SS
COUNTY OF NEW YORK )


       JAMES F. SWEENEY, being duly sworn, deposes and says:

       That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff herein.

       That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

       Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
JAMES F. SWEENEY


Sworn to before me this
29th day of February, 2016

_____
Notary Public

Salma Abdallah
Notary Public, State of New York
No. 01AB6224262
Qualified in Kings County
Certificate filed in New York County
Commission Expires June 28, 20[?]
X:\Public Word Files\28\130\LEGAL\Verified Complaint -- February 29, 2016 sa.doc

5